UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action No.

)
MOUNA KANDY SUBOH, individually, as administratrix of the    )
ESTATE OF ISHAQ SUBOH, and as next friend of minor daughter  )    **00cv 10396 WGY**
SOFIA KANDY,                                                  )
               Plaintiffs                                  )
                                                          )
v.                                                           )
                                                          )
CITY OF REVERE, ROBERT J. HAAS, JR., JAMES RUSSO,            )
CARL BORGIOLI, STEVEN PISANO, JOHN MCRAE ,                   )
STEVEN WALLACE, THEODORE MICHALSKI, JULIEANN                 )
MALVAROSA, ANTONIO ARCOS, JOHN M. AZZARI,                    )
RICHARD BACHOUR, DISTRICT ATTORNEY FOR THE                  )
SUFFOLK DISTRICT, RALPH C. MARTIN II, MICHAEL,              )
MURPHY, and JOHN DOES ONE THROUGH NINE,                      )
               Defendants.                                 )
                                                          )

## COMPLAINT & JURY DEMAND

1.      This is an action to redress the deprivation by the Defendants of rights secured to the

Plaintiffs by the Constitution and laws of the United States and the Commonwealth of

Massachusetts. Revere Police officers ("the police") unlawfully arrested and charged Mouna

Kandy Suboh ("Mouna") and Ishaq Suboh ("Ishaq") with kidnapping, and, regardless of their

promises that Mouna's minor child Sofia Kandy ("Sofia") would be safely protected in state

custody, the police and district attorney recklessly delivered Sofia to Mouna's parents, the

Kandys. The police and district attorney knew that a substantial dispute over custody of Sofia

existed between Mouna and her parents, that Mouna alleged that her parents had kidnapped

Sofia from her six years earlier, and that Mouna possessed certified documents which

substantiated her claim under both Moroccan and United States law; furthermore, the police

knew or should have known that the Kandys did not have lawful custody of Sofia and had already provided a story which was inherently contradictory. Immediately upon being given Sofia by the police, the Kandys kidnapped Sofia to Morocco. In addition, the police misrepesented what had occurred and what they had been told in order to provide justification for their actions.

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, M.G.L. c. 258, § 2, and M.G.L. c. 12, §§ 11H, 11I. The court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. 1367. Venue is proper in this court under 28 U.S.C. § 1391.

**PARTIES**

3.     The Plaintiff Mouna Kandy Suboh is a citizen of the Kingdom of Morocco and an adult permanent resident alien in the United States who resided in Revere, Massachusetts, at the time of the incident which is the subject of this complaint.

4.     The Plaintiff, the estate of Ishaq Suboh, is represented by Mouna Kandy Suboh, the lawfully appointed administratrix of the estate of Ishaq Suboh, an adult citizen of the United States who resided in Revere, Massachusetts, at the time of the incident which is the subject of this complaint. This Plaintiff shall hereinafter be referred to as "Ishaq."

5.     The Plaintiff Sofia Kandy is the minor child of her natural legal guardian Mouna Suboh and is a resident and citizen of Morocco.

6.     The Defendant City of Revere is a municipal corporation, organized and existing under

2

the laws of the Commonwealth of Massachusetts.

7.     At all times referred to herein, the Defendant Robert J. Haas, Jr., was the duly appointed mayor of the City of Revere and acting within the scope of his employment and is further responsible by law for providing oversight to the Revere police department, for enforcing the regulations of the City of Revere and for ensuring that City of Revere police officers obey the laws of the Commonwealth of Massachusetts and the United States of America.

8.     The Defendant James Russo was, at all times referred to herein, chief of police for the City of Revere, and as such, he was the commanding officer of all Revere police officers referred to herein, and was responsible for the training, supervision, and conduct of the Revere police officers, as more fully set forth below. The Defendant James Russo is further responsible by law for enforcing the regulations of the City of Revere and for ensuring that City of Revere police officers obey the laws of the Commonwealth of Massachusetts and the United States of America.

9.     At all times referred to herein, the Defendant Carl Borgioli was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

10.     At all times referred to herein, the Defendant Steven Pisano was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

11.     At all times referred to herein, the Defendant John McRae was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his

3

employment.

12.     At all times referred to herein, the Defendant Steven Wallace was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

13.     At all times referred to herein, the Defendant Theodore Michalski was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

14.     At all times referred to herein, the Defendant Julieann Malvarosa was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of her employment.

15.     At all times referred to herein, the Defendant John M. Azzari was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

16.     At all times referred to herein, the Defendant Richard Bachour was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

17.     At all times referred to herein, the Defendant Antonio Arcos was a duly appointed and acting member of the police department of the City of Revere and acting within the scope of his employment.

18.     The office of district attorney for the County of Suffolk is a political subdivision of the Commonwealth of Massachusetts.

4

19.     The Defendant Ralph C. Martin II was at all times referred to herein, the duly appointed

district attorney for the County of Suffolk, and was responsible for the training, supervision, and

conduct of the Defendant Michael Murphy as set forth more fully below. The Defendant Ralph

Martin is further responsible by law for ensuring that his assistant district attorneys obey the

laws of the Commonwealth of Massachusetts and the United States of America.

20.     At all times referred to herein, the Defendant Michael Murphy was a duly appointed

assistant district attorney and acting member of the district attorney's office for the Suffolk

District and was acting within the scope of his employment.

21.     The true names and capacities of John Does One through Nine are presently unknown to

the Plaintiffs. Plaintiffs are informed and believe, and based upon such belief allege, that each of

said John Does is responsible for the damages suffered by the Plaintiffs. Leave of court will be

sought to amend this complaint to include the true names and capacities of the John Does as soon

as such information becomes known to the Plaintiffs.

22      At all times referred to herein, the Defendants acted under color of the laws, statutes,

ordinances, regulations, policies, customs, and usages of the Commonwealth of Massachusetts

and the City of Revere.

23.     The Defendants James Russo and Robert J. Haas, Jr., may hereafter be referred to

collectively as the police supervisor Defendants.

24.     The Defendants Robert J. Haas, Jr., James Russo, Ralph C. Martin II, Michael Murphy,

Steven Wallace, Theodore Michalski, Carl Borgioli, Steven Pisano, John McRae, Julieann

Malvarosa, John M. Azzari, Richard Bachour, Antonio Arcos, and John Does may hereafter be

5

referred to collectively as the individual Defendants.

25.     The Defendants Robert J. Haas, Jr., James Russo, Theodore Michalski, Carl Borgioli,

Steven Pisano, John McRae, Steven Wallace, Julieann Malvarosa, John M. Azzari, Richard

Bachour, and Antonio Arcos, may hereafter be referred to collectively as the individual police

Defendants.

26.     At all times relevant to this Complaint, the Defendants acted jointly and in concert with

each other.

27.     Each such Defendant had the duty and the opportunity to protect the Plaintiffs from the

unlawful actions of the other Defendants but each such Defendant failed and refused to perform

such duty, thereby proximately causing the Plaintiff's injuries.

### FACTS COMMON TO ALL

28.     Mouna Kandy Suboh (hereinafter "Mouna") was born in December 1969 to a family,

which is wealthy and influential in Casablanca and the Kingdom of Morocco.

29.     In 1991 Mouna became pregnant out of wedlock in Morocco.

30.     Her parents (hereinafter, collectively, as "the Kandys") attempted to force her to have an

abortion because of the perceived shame Mouna had brought to the family, but, instead, Mouna

severed ties with her family and fled to Holland.

31.     On April 9, 1992, Sofia Kandy (hereinafter "Sofia") was born to Mouna in Delft Holland.

32.     Shortly after the birth, Mouna's mother Rahima Kandy (hereinafter, individually, as

"Mrs. Kandy") came to Holland, ostensibly to help Mouna take care of Sofia.

33.     Mrs. Kandy convinced Mouna that she and Sofia should return to Casablanca, Morocco.

34.     Without Mouna's consent, her parents raised Sofia as their own child in Morocco, while allowing Mouna to live in their household. Mouna protested this legal arrangement, but she did not immediately take legal action or tell Sofia that she was Sofia's mother.

35.     The Kandys falsified a birth certificate which purported to demonstrate that Mrs. Kandy was Sofia's natural mother, and she used that birth certificate as legal evidence of her parental relationship.

36.     Between 1992 and 1995 Mouna Kandy Suboh lived with her parents and maintained regular contact with Sofia.

37.     In 1995 Mouna met a muslim United States citizen Ishaq Suboh (hereinafter "Ishaq") and moved to the United States on or about September 7, 1995. They married on or about September 13, 1995. The Kandys had promised to send Sofia to them after they were settled in the United States, but the Kandys did not honor that promise.

38.     Mouna, with substantial assistance from Ishaq, made expensive, but unsuccessful attempts to obtain physical custody of Sofia, including four trips to Morocco (during one of the trips she obtained a copy of the fraudulent birth certificate that her parents had prepared concerning Sofia), a newspaper advertisement in Moroccan papers for assistance, and an attempt to force a change of physical custody through the judicial system. The legal attempt failed, not because the case was decided on the merits by a court, but because the case "disappeared" under suspicious circumstances and was never heard by the court (bribery and corruption in the Moroccan courts is well known and admitted to by the Moroccan government).

39.     Mouna has maintained her relationship with Sofia at all times leading up to May 1998 by

7

visiting her, calling her, and writing letters to her.

40.     The Kingdom of Morocco has a national identity system so that each person is registered

with the national government; Morocco officially recognizes Mouna as the legal mother of Sofia.

Moreover, Morocco does not allow adoptions.

41.     In 1998 the Kandys came to Massachusetts so that Mustapha Kandy (hereinafter "Mr.

Kandy") could receive medical treatment at Massachusetts General Hospital. The Kandys

brought Sofia and stayed with Mouna and Ishaq in their apartment in Revere.

42.     After receiving advice from representatives of the City of Boston on or about May 26,

1998, Mouna and Ishaq took Sofia from their apartment and concealed their location from the

Kandys, while keeping with them all of the papers which demonstrated Mouna's parental

relationship with Sofia and the Kandys' falsification of the birth certificate.

43.     On May 27, 1998, Mr. Kandy made a report to the Revere Police department that his

daughter Sofia had been kidnapped by his son-in-law Ishaq. Mr. Kandy further reported that his

eldest daughter Mouna, who was married to Ishaq, was with them.

44.     On May 28, 1998, Sergeant Borgioli, Sergeant Azzari, and Detective Arcos conducted an

interview of the Kandys, with Detective Arcos serving as a translator. The Kandys reported that

Ishaq had kidnapped Sofia and stolen a Rolex watch. The Kandys told the police that Ishaq had

financial troubles and that he was attempting to get money from them.

45.     Over a period of two days and with the assistance of agents from the Federal Bureau of

Investigation, the Revere police located Mouna and Sofia in a hotel room.

46.     On the Morning of May 29, 1998, Detectives McRae and Michalski went to the room

8

and found Mouna and Sofia. Mouna stated that Sofia was her daughter, and Sergeant Azzari and

Officer Malvarosa transported Mouna and Sofia to the Revere Police Station.

47.     Mouna was not formally arrested, but she was not free to leave.

48.     Mouna was interviewed at the police station by Sergeant Borgioli. At the motel room and

during the interview she provided official, certified documentation that she was Sofia's mother,

and the police did not dispute her claim. In addition, she presented documents supportive of her

claim that Morocco recognized her as the mother and that the Kandys had falsified a birth

certificate. The police copied these documents.

49.     She explained to the Revere police that the Kandys' claims of custody of Sofia were false,

that she had never abandoned her child or consented to giving up her parental rights, and that no

court had ever determined that Sofia was rightfully in the physical custody of the Kandys.

Moreover, she repeatedly stated that the documents she presented contained proof of her

parental rights and the Kandys' falsification of documents.

50.     The police Defendants promised Mouna that Sofia would be safely protected in state

custody until the conflicting claims of custody could be resolved.

51.     The police Defendants were aware that the Kandys' passport would expire within four

days and that Sofia would be returning to Morocco.

52.     The police Defendants did not request that the Kandys voluntarily surrender their

passports.

53.     The police Defendants, in concert with representatives of the Suffolk district attorney's

office including Michael Murphy, made no attempt to protect Sofia but, instead, released her to

the custody of the Kandys within minutes of the promises to Mouna that Sofia would be placed safely in state custody.

54.     The Kandys took Sofia to Morocco forthwith.

55.     Mouna was arraigned in the Chelsea District Court on charges of kidnapping by a relative and released on personal recognizance in the afternoon of May 29, 1998.

56.     In an effort to cover up and justify their mistake, the police prepared a false police report which, among other outrageous falsehoods, states that Mouna told the police that her parents had adopted Sofia.

57.     While Mouna was being interviewed, arrested, and arraigned, Ishaq had conversations with the police, and he came voluntarily to the police station, where he was arrested and held. He was not given an opportunity to explain, but was held on charges of kidnapping. He was held on excessive bail.

58.     Mouna and Ishaq attempted to seek assistance in preventing the Kandys from escaping the country, but they were not given assistance by the police.

59.     The police Defendants prepared false police reports, which they knew and intended would be forwarded to a prosecuting attorney and relied upon by the prosecuting attorney in deciding whether to prosecute Mouna and Ishaq and, if so, the manner in which the Plaintiffs' prosecution should be handled. In preparing the said report, the Defendants acted maliciously and willfully.

60.     Mouna and Ishaq were forced to appear at pre-trial hearings on June 12, 1998, and a further hearing on the Defendants' motion to dismiss on August 19.

10

61.     On August 19, 1998, all of said criminal charges were dismissed by a judge of the Chelsea District Court.

62.     As a direct and proximate result of the acts and ommissions of the Defendants herein described, the Plaintiffs have suffered serious injuries, including a deprivation of rights of life and liberty, severe psychological and emotional distress, physical injury, loss of earning capacity, loss of consortium, and other consequential damages.

## CAUSES OF ACTION

### THE PLAINTIFF MOUNA KANDY SUBOH

#### Count One: Liability of City of Revere Under the Mass. Tort Claims Act

63.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 62 as though fully set forth herein.

64.     The individual police Defendants acted with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff Mouna Suboh under G.L. c. 258, § 2. The Defendant City of Revere is liable for the negligent acts of the Defendant police officers and supervisors who were acting within the scope of their employment while engaged in the conduct alleged in this Complaint.

65.     The statutory conditions precedent of presentment under Massachusetts General Laws chapter 258, section 4 have been performed. The Plaintiffs presented their claim against the Defendants by written notice dated June 1, 1999, to the Mayor. The city of Revere has failed to respond to this claim within the time allowed.

66.     As a direct and proximate result of the negligence of the Defendant City of Revere's

11

employees, the Plaintiff suffered the injuries and damages described herein.

67.     Officials of the Defendant employer City of Revere, including police supervisor Defendant Ralph C. Martin II, supervised the retention and assignment of the individual police actors as members of the Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff Mouna Suboh under G.L. c. 258, § 2.

Count Two: Liability of the District Attorney for the Suffolk District under MTCA

68.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 67. as though fully set forth herein.

69.     The individual prosecutor Defendants acted with such recklessness, gross negligence, and ordinary negligence as to render the District Attorney liable for all proximately caused damages to the Plaintiff Mouna Suboh under G.L. c. 258, § 2.

70.     Officials of the Defendant employer District Attorney for the Suffolk District, including the prosecutor supervisor Defendants, supervised the retention and assignment of the individual prosecutors with such recklessness, gross negligence, and ordinary negligence as to render the District Attorney liable for all proximately caused damages to the Plaintiff Mouna Suboh under G.L. c. 258, § 2.

Count Three: Liability of Individual Defendants Pursuant to 42 U.S.C. § 1983

71.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 70 as though fully set forth herein.

72.     Pursuant to 42 U.S.C. § 1983, the individual state actor Defendants acted recklessly and

with deliberate indifference under color of state law and, thus, are liable to the Plaintiff Mouna Suboh for compensatory and punitive damages upon the following grounds:

(a)  violation of her right against unreasonable seizure, arrest, and search as protected by the Fourth and Fourteenth Amendments of the United States Constitution;

(b)  violation of her right to equal protection of the laws as protected by the Fourteenth Amendment to the United States Constitution;

(c)  violation of her right to full and equal benefit of all laws protecting the security of persons and property, as provided by 42 USC § 1981;

(d)  violation of her right to family privacy as protected by the Fourteenth Amendment to the United States Constitution;

(e)  violation of her right to freedom from the coercive influence of the state in her family as protected by the Fourteenth Amendment to the United States Constitution;

(f)  violation of her right to maintain a parent-child relationship as protected by the Fourteenth Amendment to the United States Constitution;

(g)  violation of her right to due process of law  as protected by the Fourteenth Amendment to the United States Constitution.

(h)  violation of her right to be free from intentional and reckless infliction of emotional distress, malicious prosecution, false imprisonment, abuse of process as secured by the provisions of Massachusetts law, which are invoked under the supplementary jurisdiction of this court.

13

<u>Count Four: Liability of City and District Attorney Pursuant to 42 U.S.C. § 1983</u>

73.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 72 as though fully set forth herein.

74.     Pursuant to 42 U.S.C. § 1983, the City of Revere and the District Attorney for the Suffolk District maintained a policy or custom which resulted in the deprivation of the Plaintiff Mouna Suboh's rights listed in Count Three, paragraph 72, making them liable to the Plaintiff Mouna Suboh for compensatory damages.

75.     The allegations or other factual contentions regarding the City of Revere's and District Attorney's policy or custom which lead to the deprivation of rights are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

<u>Count Five: Liability of Individual Defendants Pursuant to M.G.L. c. 12, § 11H</u>

76.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 75 as though fully set forth herein.

77.     Pursuant to M.G.L. c. 12, § 11H, the individual Defendants deprived the Plaintiff Mouna Suboh of the rights listed in Count Three, Paragraph 72, by means of threats, intimidation, or coercion.

<u>Count Six: Liability of City and District Attorney Pursuant to M.G.L. c. 12, § 11H</u>

78.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 77 as though fully set forth herein.

79.     Pursuant to M.G.L. c. 12, § 11H, the City of Revere and the District Attorney for the Suffolk District maintained a policy or custom which resulted in the deprivation of the Plaintiff

14

Mouna Suboh's rights listed in Count Three, Paragraph 72, by means of threats, intimidation or

coercion, making them liable to the Plaintiff Mouna Suboh for compensatory damages.

80.     The allegations or other factual contentions regarding the City and District Attorney's

policy or custom which lead to the deprivation of rights are likely to have evidentiary support

after a reasonable opportunity for further investigation or discovery.

     Count Seven: Liability of Individual Police Defendants for False Arrest and Imprisonment

81.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1

through 80 as though fully set forth herein.

82.     As a direct and proximate result of the acts and omissions of the individual police

Defendants herein described, Mouna Suboh was falsely arrested, imprisoned, and incarcerated for

a period of approximately six hours.

     Count Eight: Liability of Individual Police Defendants for Malicious Prosecution

83.     The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1

through 82 as though fully set forth herein.

84.     In the manner described herein, the individual police Defendants maliciously prosecuted

the Plaintiff Mouna, which proximately caused Mouna to appear in the Chelsea District Court as

an accused criminal, was required to spend money to retain the services of an attorney to defend

herself against the said false charges, was caused to suffer great physical pain and agony and to

undergo medical care and treatment to their economic loss, lost the ability to enjoy and experience

life in a manner customary for them, was caused great mental and emotional pain and anguish and

suffering and has been chilled in her exercise of her rights to liberty in public and to petition for

the redress of grievances under the Fourteenth Amendments to the United States Constitution, and in addition has suffered the loss of all the constitutional rights described herein.

### Count Nine: Liability of Individual Police Defendants for Assault and Battery

85.    The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 84 as though fully set forth herein.

86.    The individual police Defendants committed an assault and battery on the Plaintiff Mouna Suboh, as she was subjected to an unprivileged, not consented to, intentional touching.

### Count Ten: Liability of Individuals for Intentional Infliction of Emotional Distress

87.    The Plaintiff Mouna repeats and reasserts the allegations contained in paragraphs 1 through 86 as though fully set forth herein.

88.    The individual police Defendants intentionally inflicted severe emotional distress on the Plaintiff Mouna Suboh. Their actions were extreme and outrageous, and those actions proximately caused the Plaintiff Mouna Suboh's severe emotional distress.

### THE PLAINTIFF ISHAQ

### Count Eleven: Liability of City of Revere Under the Tort Claims Act

89.    The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 88 as though fully set forth herein.

90.    The individual police Defendants acted with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff Ishaq under G.L. c. 258, § 2. The Defendant City of Revere is liable for the negligent acts of the Defendant police officers and supervisors who were acting within the scope of their employment

16

while engaged in the conduct alleged in this Complaint.

91.     The statutory conditions precedent of presentment under Massachusetts General Laws chapter 258, section 4 have been performed. The Plaintiffs presented their claim against the Defendants by written notice dated June 1, 1999, to the Mayor. The city of Revere has failed to respond to this claim within the time allowed.

92.     As a direct and proximate result of the negligence of the Defendant City of Revere's employees, the Plaintiff suffered the injuries and damages described herein.

93.     Officials of the Defendant employer City of Revere supervised the retention and assignment of the individual police actors as members of the Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff Ishaq under G.L. c. 258, § 2.

        Count Twelve: Liability of the District Attorney under the MTCA

94.     The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 93 as though fully set forth herein.

95.     The individual prosecutor Defendants acted with such recklessness, gross negligence, and ordinary negligence as to render the District Attorney liable for all proximately caused damages to the Plaintiff Ishaq Suboh under G.L. c. 258, § 2.

96.     Officials of the Defendant employer District Attorney for the Suffolk District, including prosecutor supervisor Defendants, supervised the retention and assignment of the individual prosecutors with such recklessness, gross negligence, and ordinary negligence as to render the District Attorney liable for all proximately caused damages to the Plaintiff Ishaq Suboh under

17

G.L. c. 258, § 2.

### Count Thirteen: Liability of Individual Defendants Pursuant to 42 U.S.C. § 1983

97. The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 96 as though fully set forth herein.

98. Pursuant to 42 U.S.C. § 1983, the individual Defendants acted recklessly and with deliberate indifference under color of state law and, thus, are liable to the Plaintiff Ishaq Suboh for compensatory and punitive damages upon the following grounds:

    (a) violation of his right against unreasonable seizure, arrest, and search as protected by the Fourth and Fourteenth Amendments of the United States Constitution;

    (b) violation of his right to equal protection of the laws as protected by the Fourteenth Amendment to the United States Constitution;

    (c) violation of his right to full and equal benefit of all laws protecting the security of persons and property, as provided by 42 USC § 1981;

    (d) violation of his right to due process of law  as protected by the Fourteenth Amendment to the United States Constitution.

    (e) violation of his right to be free from intentional and reckless infliction of emotional distress, malicious prosecution, false imprisonment, abuse of process as secured by the provisions of Massachusetts law, which are invoked under the supplementary jurisdiction of this court.

### Count Fourteen: Liability of City & District Attorne Pursuant to 42 U.S.C. § 1983

99. The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through

98 as though fully set forth herein.

100.    Pursuant to 42 U.S.C. § 1983, the City of Revere and the District Attorney for the Suffolk District maintained their respective policies or customs which resulted in the deprivation of the Plaintiff Ishaq's rights listed in Count Thirteen, paragraph 98, making them liable to the Plaintiff Ishaq for compensatory damages.

101.    The allegations or other factual contentions regarding the City and District Attorney's policy or custom which lead to the deprivation of rights are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Count Fifteen: Liability of Individual State Actors Pursuant to M.G.L. c. 12, § 11H

102.    The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 101 as though fully set forth herein.

103.    Pursuant to M.G.L. c. 12, § 11H, the individual Defendants deprived the Plaintiff Ishaq Suboh of the rights listed in Count Thirteen, paragraph 98, by means of threats, intimidation, or coercion.

Count Sixteen: Liability of City & District Attorney Pursuant to G.L. c. 12, § 11H

104.    The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 103 as though fully set forth herein.

105.    Pursuant to M.G.L. c. 12, § 11H, the City of Revere and the District Attorney for the Suffolk District maintained a policy or custom which resulted in the deprivation of the Plaintiff Ishaq Suboh's rights listed in Count Thirteen by means of threats, intimidation or coercion, making them liable to the Plaintiff Ishaq Suboh for compensatory damages.

19

106.    The allegations or other factual contentions regarding the City and District Attorney's policy or custom which lead to the deprivation of rights are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Count Seventeen: Liability of Individual Police for False Arrest & Imprisonment

107.    The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 106 as though fully set forth herein.

108.    As a direct and proximate result of the acts and omissions of the individual police Defendants herein described, Ishaq was falsely arrested, imprisoned, and incarcerated for a period of approximately six hours.

Count Eighteen: Liability of Individual Police Defendants for Malicious Prosecution

109.    The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 108 as though fully set forth herein.

In the manner described herein, the individual police Defendants maliciously prosecuted the Plaintiff Ishaq Suboh, which proximately caused him to appear in the Chelsea District Court as an accused criminal, was required to spend money to retain the services of an attorney to defend himself against the said false charges, was caused to suffer great physical pain and agony and to undergo medical care and treatment to his economic loss, lost the ability to enjoy and experience life in a manner customary for him, was caused great mental and emotional pain and anguish and suffering and has been chilled in his exercise of her rights to liberty in public and to petition for the redress of grievances under the Fourtheenth Amendments to the United States Constitution, and in addition has suffered the loss of all the constitutional rights described herein.

20

<u>Count Nineteen: Liability of Individual Police Defendants for Assault and Battery</u>

110.   The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 109 as though fully set forth herein.

111.   The individual police Defendants committed an assault and battery on the Plaintiff Ishaq Suboh, as he was subjected to an unprivileged, unconsented to, intentional touching.

<u>Count Twenty: Liability of Individuals for Intentional Infliction of Emotional Distress</u>

112.   The Plaintiff Ishaq repeats and reasserts the allegations contained in paragraphs 1 through 111 as though fully set forth herein.

113.   The individual Defendants intentionally inflicted severe emotional distress on the Plaintiff Ishaq Suboh. Their actions were extreme and outrageous, and those actions proximately caused the Plaintiff Ishaq Suboh's severe emotional distress.

<u>THE PLAINTIFF SOFIA KANDY BY HER NEXT FRIEND MOUNA SUBOH</u>

<u>Count Twenty-One: Liability of City of Revere Under the Mass. Tort Claims Act</u>

114.   The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through 113 as though fully set forth herein.

115.   The individual police actors acted with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff Sofia under G.L. c. 258, § 2. The Defendant City of Revere is liable for the negligent acts of the Defendant police officers and supervisors who were acting within the scope of their employment while engaged in the conduct alleged in this Complaint.

116.   The statutory conditions precedent of presentment under Massachusetts General Laws

chapter 258, section 4 have been performed. The Plaintiffs presented their claim against the

Defendants by written notice dated June 1, 1999, to the Mayor. The city of Revere has failed to

respond to this claim wihin the time allowed.

117.    As a direct and proximate result of the negligence of the Defendant City of Revere's

employees, the Plaintiff Sofia suffered the injuries and damages described herein.

118.    Officials of the Defendant employer City of Revere supervised the retention and

assignment of the individual police actors as members of the Police Department with such

recklessness, gross negligence, and ordinary negligence as to render the City liable for all

proximately caused damages to the Plaintiff Sofia under G.L. c. 258, § 2.

        Count Twenty-Two: Liability of the District Attorney under the MTCA

119.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through

118 as though fully set forth herein.

120.    The individual prosecutor actors acted with such recklessness, gross negligence, and

ordinary negligence as to render the District Attorney liable for all proximately caused damages to

the Plaintiff Sofia Kandy under G.L. c. 258, § 2.

121.    Officials of the Defendant employer District Attorney for the Suffolk District, including

Ralph C. Martin, II, supervised the retention and assignment of the individual prosecutors with

such recklessness, gross negligence, and ordinary negligence as to render the District Attorney

liable for all proximately caused damages to the Plaintiff Sofia Kandy under G.L. c. 258, § 2.

        Count Twenty-Three: Liability of Individual Defendants Pursuant to 42 U.S.C. § 1983

122.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through

22

121 as though fully set forth herein.

123.    Pursuant to 42 U.S.C. § 1983, the individual state actor Defendants acted recklessly and

with deliberate indifference under color of state law and, thus, are liable to the Plaintiff Sofia

Kandy for compensatory and punitive damages upon the following grounds:

(a)    violation of her right against unreasonable seizure, as protected by the Fourth and
Fourteenth Amendments of the United States Constitution;

(b)    violation of her right to equal protection of the laws as protected by the Fourteenth
Amendment to the United States Constitution;

(c)    violation of her right to full and equal benefit of all laws protecting the security of
persons and property, as provided by 42 USC § 1981;

(d)    violation of her right to family privacy as protected by the Fourteenth Amendment
to the United States Constitution;

(e)    violation of her right to freedom from the coercive influence of the state in her family
as protected by the Fourteenth Amendment to the United States Constitution;

(f)    violation of her right to maintain a parent-child relationship as protected by the
Fourteenth Amendment to the United States Constitution;

(g)    violation of her right to due process of law  as protected by the Fourteenth
Amendment to the United States Constitution.

(h)    violation of her right to be free from intentional and reckless infliction of emotional
distress, as secured by the provisions of Massachusetts law, which are invoked under
the supplementary jurisdiction of this court.

23

Count Twenty-Four: Liability of City & District Attorney Pursuant to 42 U.S.C. § 1983

124.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through 123 as though fully set forth herein.

125.    Pursuant to 42 U.S.C. § 1983, the City of Revere and the District Attorney for the Suffolk District maintained a policy or custom which resulted in the deprivation of the Plaintiff Sofia Kandy's rights listed in Count Twenty-Three, paragraph 123, making them liable to the Plaintiff Mouna Suboh for compensatory damages.

126.    The allegations or other factual contentions regarding the City and District Attorney's policy or custom which lead to the deprivation of rights are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Count Twenty-Five: Liability of Individual State Actors Pursuant to M.G.L. c. 12, § 11H

127.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through 126 as though fully set forth herein.

128.    Pursuant to M.G.L. c. 12, § 11H, the individual Defendants deprived the Plaintiff Sofia Kandy of the rights listed in Count Twenty-Three, paragraph 123, by means of threats, intimidation, or coercion.

Count Twenty-Six: Liability of City & District Attorney Pursuant to G.L. c. 12, § 11H

129.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through 128 as though fully set forth herein.

130.    Pursuant to M.G.L. c. 12, § 11H, the City of Revere and the District Attorney for the Suffolk District maintained a policy or custom which resulted in the deprivation of the Plaintiff

24

Sofia Kandy's rights listed in Count Twenty-Three, paragraph 123, by means of threats, intimidation or coercion, making them liable to the Plaintiff Sofia Kandy for compensatory damages.

131.    The allegations or other factual contentions regarding the City and District Attorney's policy or custom which lead to the deprivation of rights are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

       Count Twenty-Seven: Liability of Individuals for Infliction of Emotional Distress

132.    The Plaintiff Sofia repeats and reasserts the allegations contained in paragraphs 1 through 131 as though fully set forth herein.

133.    The individual Defendants intentionally inflicted severe emotional distress on the Plaintiff Sofia Kandy. Their actions were extreme and outrageous, and those actions proximately caused the Plaintiff Sofia Kandy's severe emotional distress.

## DAMAGES

134.    As the direct proximate result of the reckless and wanton actions by the defendants described herein, the plaintiffs suffered physical injury, out-of-pocket damages, lost earning capacity, emotional distress, the deprivation of constitutional rights, and other consquential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a) For compensatory damages against Defendants, jointly and severally, in an amount proved at trial;

b) For punitive damages against the individual Defendants, jointly and severally, in an amount proved at trial;

c) For costs of this lititgation, including reasonable attorney's fees as provided by 42 U.S.C. Section 1988;

d) For such other and further relief as the court deems proper.

THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS SO TRIABLE.

<div style="margin-left: 40%;">

Plaintiffs,
Mouna Suboh, et al,
By their attorney,


James R. Knudsen
BBO No. 567358
Whittenberg & Associates
200 Broadway, Suite 306
Lynnfield, MA 01940
(781) 599-4000

</div>